No. 18,221.

ERNEST G. HARVEY *v*. LORETHA BRADEN.
(324 P. [2d] 1043)

Decided May 5, 1958.

Mr. JOHN F. MUELLER, Mr. GREGORY A. MUELLER, for plaintiff in error.

348

Mr. HERMAN H. FELDMAN, Messrs. EARLY & KELLER, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE HOLLAND delivered the opinion of the Court.

PLAINTIFF in error was defendant in the trial court against whom, in a trial to a jury, a verdict was returned on November 8, 1956, in the sum of $1500 for damages for personal injuries received by plaintiff, now defendant in error, as a result of having fallen into an opening or trap door in the floor of defendant's place of business.

Defendant assigns error grounded upon the proposition that as owner of the place he was not subject to the liability of an insurer of the safety of his patrons; and further, that plaintiff was guilty of contributory negligence.

The complaint alleged that defendant was the sole owner of Harvey's Tavern, located at 5110 West Colfax avenue, which was a tavern and restaurant open to the public; that on December 11, 1954, at the noon hour, plaintiff entered the tavern for lunch; that she was seated in a booth and had occasion to move around the table and stepped into the open trap door in the floor which defendant had allowed to remain open while he was doing some repair work; that defendant failed to warn the public, including plaintiff, of the danger that existed by reason of the open trap door. Plaintiff further alleged disabling injuries, including the fracture of two ribs; that she was unable to return to work until December 31, 1954; that she incurred medical expenses and damage to her clothing; and that she suffered physical pain that would continue into the future.

The testimony reveals that the trap door, which was open at the time of plaintiff's fall and injuries, was about

four feet in width and approximately three feet in height when the door was raised.

■ As to the material facts controlling in this case, there is but little conflict in the evidence. The matter was submitted, according to our study, upon proper instructions, including one on contributory negligence, and Instruction No. 7, which is as follows:

"The customer in a restaurant is entitled to assume that the premises are in a reasonably safe condition."

The record discloses no objections by defendant to any instruction given by the court and no instruction tendered by him as refused by the court.

The matters here presented were clearly not questions of law for the court, and since the questions of negligence and contributory negligence were submitted to the jury upon proper instructions, we will not invade the province of the jury, which is only done in the clearest of cases.

This conclusion applies to the question of the excessive verdict, as well as to the other matters discussed.

It is our opinion that the case was well and fairly tried and the judgment entered on the verdict should be and is affirmed.